12972

MOORE *ET AL.* v. SPIRES *ET AL.*

(154 S. E., 657)

*Messrs. Miller & Lawson* and *John F. Wilmeth,* for appellants,

*Mr. W. F. Stevenson,* for respondent.

September 11, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for the foreclosure of a mortgage, executed by the defendant Spires, upon certain real estate in the Town of Hartsville, to secure the payment of four notes payable to James T. Moore and Citizens' Loan & Trust Company, dated March 29, 1915, and due respectively, $3,-000.00 on December 1, 1917, $3,000.00 on December 1, 1918, $3,000.00 on December 1, 1919, and $1,000 on December 1, 1920, with interest from date at 8 per cent per annum, payable annually, with 10 per cent attorney's fees,

subject to a prior mortgage of $2,000.00. This mortgage appears to have been given to Eunice W. Driggs, later assigned to the defendant A. M. Coker, and upon it there is due $2,000.00, with interest at 8 per cent per annum from June 17, 1915. Who is the present owner of it is not shown in the transcript of record; there is no controversy as to it, however.

The consideration of the $10,000.00 mortgage was the sale and purchase of 100 shares of Cheraw Wholesale Grocery Company, theretofore owned by the mortgagees, Moore and the bank.

The complaint is in the usual form. The defendant Spires served an answer setting up (1) a general denial; (2) admitting the execution of the notes mentioned in the complaint and the instrument in writing therein designated as a mortgage, but denying that the same were executed for value, and alleging that they were given for the purchase of stock utterly valueless and were procured by fraud; (3) alleging that the instrument in writing designated as a mortgage was not a legal but an equitable mortgage and that the same was obtained by fraud as were the notes; and (4) demanding judgment that said notes and alleged mortgage be declared invalid and delivered up under the order and direction of the Court for cancellation and returned to said defendant, and for all other proper relief.

Subsequently to the date of the mortgage, the bank assigned its interest in the notes and mortgage to the original plaintiff, Moore.

The case was referred for the purpose only of taking and reporting the testimony, upon which the cause came on for a hearing before his Honor, Judge Mauldin, at Bennettsville on November 30, 1928. On December 12, 1928, Judge Mauldin filed a decree in favor of the plaintiffs who had been substituted in the place of James T. Moore who had died in the meantime. From this decree the defendant Spires has appealed to this Court.

It appears beyond controversy that the $10,000.00 of stock assigned to the defendant Spires was owned by J. T. Moore and the bank in the proportions of approximately three-fourths to Moore and one-fourth to the bank, and that ·Moore acquired the interest of the bank; that shortly before the assignment, there was considerable dissension among the stockholders, and Moore, an old man, feeble and blind, was anxious to close out his holdings. It appears that he had some kind of hold, not definitely explained, upon Smith, the manager of the business and also of the bank, and was pressing him to extricate him from the business. He admits in his testimony time and again that he authorized Smith to dispose of the stock, and in order to accomplish this he had to take over the stock which the bank held and paid for ·it. He says:

"I told Smith I was getting old and feeble and blind and couldn't see and to sell my stock.   *   *   *   I bought Smith's (the bank's), I had to.   *   *   *   I gave him authority to sell it.   *   *   *   I told Smith 'you sell it.' *   *   *   Smith was the full seller and all, I never limited him at all.   *   *   *   I said 'Smith, you sell the stock.' *   .*   *   I just gave it all up to Smith to attend to and he attended to all of it.   *   *   *   I had to pay for Smith's before I got the paper.   *   *   *

"Q. And you authorized Smith to sell your whole $10,-000.00 of stock? A. I certainly did."

Smith then consummated the sale with young Spires, who was a soldier at a camp near New York City, by correspondence, which contained the most flattering statements as to the condition of the company and its prospects. He had the notes and mortgage prepared and transmitted to the young man who executed them in New York about March 12, 1915, and returned them to Smith. The papers were made payable to Moore and the bank, and before delivery to Moore Smith required Moore to pay in cash the interest of the bank in the stock, some $2,700.00, assigned the bank's interest

to Moore, and delivered a certificate of stock to young Spires. The goods at Cheraw were then shipped to Hartsville, placed in the store of young Spires, and business opened there.

Young Spires did not return to Hartsville till July, 1915, when he learned that the affairs were in bad shape and attempted to surrender the stock to Moore and get back his notes and mortgage which Moore declined. Things went on from bad to worse until early in January, 1916, the new corporation which had been formed went into the hands of a receiver and later into bankruptcy, realizing little for the creditors and nothing for the stockholders. An immense amount of claims against the original corporation was filed.

The evidence convinces us that, at the time of the sale of the stock to Spires by Smith for Moore, the original corporation was insolvent and known to have been so by Smith; that his representations as to the condition of the corporation, the amount of the stock of goods, and the prospects of the business were knowingly false; that there could not have been a clearer case of "gold brick" than that palmed off by Smith upon Spires.

It is a pity that the Moore estate must suffer, but it was Moore that put it in the power of Smith to work this wrong upon the young man, and it must answer for it.

There does not appear to be any controversy as to the Driggs (Coker) mortgage, the holder of which is entitled to foreclosure.

The judgment of this Court is that the decree of the Circuit Court be reversed, except as to the Driggs (Coker) mortgage, and that the notes and mortgage set up by the executors of Moore be surrendered for cancellation by the Clerk of Court of Darlington County.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER concurs in result.